UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-606-RJC

| RUBEN PEREZ-CARDOZA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| EDWARD H. BRIGHAM, JR., | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and an Application to Forma Pauperis ("IFP Motion"), (Doc. No. 1-1), both filed on November 29, 2011.

**I.    BACKGROUND**

Pro se Plaintiff Ruben Perez-Cardoza, a Mexican national, is a prisoner of the State of North Carolina, currently incarcerated at Pamlico Correctional Institution. The North Carolina Department of Public Safety's web site indicates that Plaintiff is serving a 160- to 201-month sentence after being convicted in state court on April 16, 2007, of trafficking in a Schedule II controlled substance. On November 29, 2011, Plaintiff filed this action, brought pursuant to 42 U.S.C. § 1983, against Edward Brigham, Jr., identified as a special agent for the Bureau of U.S. Immigration and Customs Enforcement ("ICE").[1]

---

[1] To the extent that Plaintiff has sued Defendant Brigham in his individual capacity, the Court notes that a civil rights action against federal employees and officers in their individual

1

> Plaintiff alleges in his Complaint that:
>
> Special Agent Ed Brigham, of the Bureau of Immigration and Customs Enforcement (ICE) has willfully and corruptly in violation of the right to consular access refused to discharge a duty of his office with regards to access to consular access which is required by federal law, which is required when it is unclear whether the individual in custody and subject to deportation and was not given counsel to help him and told to plead guilty to help his family who would also face deportation this was beyond cruel and unusual punishment this physical and emotional abuse caused the plaintiff to have headache, vision-related problem due to stress, and tension, anxiety, and the defendant would not get the Plaintiff any medical care. I am human and deserve basic, human medical care during interrogation by law enforcement officers. And supervisors may be held liable for failing to correct unconstitutional conditions of confinement or other constitutional violations within their areas of responsibility.

(Doc. No. 1 at 3-4). As relief, Plaintiff seeks a declaratory judgment stating that "the physical [and] emotional abuse of the Plaintiff by the defendant violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution" and "an injunction ordering for defendant and his agents to arrange for the Plaintiff's deportation to Mexico without delay." (Id. at 4).

## II.  STANDARD OF REVIEW

The Court first notes that, as to Plaintiff's application to proceed in forma pauperis, on December 19, 2011, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5). Plaintiff's application to proceed in forma pauperis is granted.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore,

---

capacities is properly characterized as arising under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002).

under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

As noted, Plaintiff is alleging that Defendant failed to notify him of his right to consular access under Article 36(1)(b) of the Vienna Convention, which requires that when a national of one country is detained by authorities in another country, the authorities must notify the consular officers of the detainee's home country if the detainee so requests. Article 36(1)(b), Vienna Convention on Consular Relations, Apr. 24, 1963, [1970] 21 U.S.T. 77, 101, T.I.A.S. No. 6820. Article 36(1)(b) further states that the detainee shall be informed of his rights under the Convention without delay. Id.

Plaintiff seems to be alleging that Defendant Brigham's alleged failure to notify Plaintiff of his right to consular access occurred on or around April 13, 2006, when the ICE office in Charlotte, North Carolina issued an Immigration Detainer to the Gaston County Jail, where Plaintiff was being held as a pre-trial detainee on state court charges. See (Doc. No. 1 at 5). Plaintiff was convicted in state court on April 16, 2007. Plaintiff filed this action on November 11, 2011. Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the comparable statute of limitations from the relevant state. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). Here, Plaintiff alleges that his failure to receive notice of

3

his right to consular access caused him pain and suffering and violated his Eighth Amendment right against cruel and unusual punishment. This is similar to a claim for personal injury in North Carolina, for which there is a three-year statute of limitations. See N.C. GEN. STAT. § 1-52(16). Accord McPherson v. United States, 392 F. App'x 938, 944 (3d Cir. 2010) (claim alleging failure to notify the plaintiff of his rights under Article 36 of the Vienna Convention was subject to the state statute of limitations for personal injury actions); Lopez v. Wallace, 266 F. App'x 882 (11th Cir. 2008) (same); Taylor v. City of Farmville, No. 1:09cv963, 2011 WL 9374264, at *1 (E.D. Va. May 2, 2011) (same). This Court finds, therefore, that the applicable statute of limitations for Plaintiff's claim against Defendant Brigham is three years.

Although the statutory limitations period for § 1983 actions is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action").

Plaintiff's claim accrued at least as early as April 13, 2006, when Defendant Brigham allegedly failed to notify Plaintiff of his right to consular access, and at the latest on April 16, 2007, the date of Plaintiff's conviction. Plaintiff did not file this action until November 29, 2011; thus, Plaintiff's claim is time-barred. See Jones v. Bock, 549 U.S. 199, 215 (2007) (noting that in an initial review under § 1915(e) of the PLRA, "[i]f the allegations . . . show that relief is

4

barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

The Court further notes that, even if Plaintiff's claim were not time-barred, it is questionable as to whether the Vienna Convention confers individually enforceable rights on a criminal defendant. The Fourth Circuit has expressed, albeit in dicta, skepticism as to whether Article 36 confers individual rights. United States v. Al-Hamdi, 356 F.3d 564, 574 n.13 (4th Cir. 2004) (opining that it is "far from clear" whether the [Vienna Convention] creates individual rights for violations of consular notification); see also Sanchez-Llamas v. Oregon, 548 U.S. 331, 343 (2006) (declining "to resolve the question whether the Vienna Convention grants individuals enforceable rights"); compare Gandara v. Bennett, 528 F.3d 823, 829 (11th Cir. 2008) ("[T]he Vienna Convention does not confer enforceable individual rights."); Cornejo v. County of San Diego, 504 F.3d 853, 863 (9th Cir. 2007) (same); United States v. Jimenez-Nava, 243 F.3d 192, 198 (5th Cir. 2001) (same); United States v. Emuegbunam, 268 F.3d 377, 394 (6th Cir. 2001) (same), with Jogi v. Voges, 480 F.3d 822, 831-35 (7th Cir. 2007) (holding that the plaintiff could pursue his Vienna Convention consular notification claim through a § 1983 action). Regardless of whether Plaintiff may bring an individual action to recover for a violation of Article 36, his claim is clearly time-barred.

### IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 1-1), is **GRANTED**;

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**.

3. The Clerk is direct to mail a copy of this Order to the Bureau of U.S. Immigration and Customs Enforcement at the following address: Bureau of U.S. Immigration and Customs Enforcement—Office of Investigations, 3700 Arco Corp. Dr., Suite 300, Charlotte, NC 28273.

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge